An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL LUTHER PARLET,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61811

**FILED**

MAY 15 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving under the influence. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

First, relying on *Geary v. State*, 91 Nev. 784, 793-94, 544 P.2d 417, 423-24 (1975), *overruled on other grounds by Hannon v. State*, 125 Nev. 142, 207 P.3d 344 (2009), appellant Daniel Luther Parlet contends that the district court erred by admitting blood evidence and the corresponding toxicology results because there was a one-week gap in the chain of custody of the blood sample. We disagree. The State is not required to rebut every possibility of tampering or substitution; any doubt about tampering goes to the weight of the evidence, not its admissibility. *Sorce v. State*, 88 Nev. 350, 352-53, 497 P.2d 902, 903 (1972); *see also Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 311 n.1 (2009) (gaps in the chain of custody usually go to the evidence's weight not its admissibility). We conclude that the State established a sufficient chain of custody and the district court did not abuse its discretion by admitting the evidence. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

Second, Parlet contends that the district court abused its discretion by admitting printouts documenting the chain of custody of the

13-14321

blood sample while in possession of the Las Vegas Metropolitan Police Department because they were untimely disclosed. The district court denied Parlet's motion to exclude the printouts because his challenge to the chain of custody was untimely and Parlet fails to demonstrate that this constituted an abuse of discretion. *See* NRS 174.295(2); *Mclellan*, 124 Nev. at 267, 182 P.3d at 109.

Third, Parlet asserts that the district court abused its discretion by preventing him from questioning the State's expert witness about her personal knowledge of errors made by the chemist who previously tested his blood sample. We conclude that the district court abused its discretion by disallowing this line of questioning. *See* NRS 48.015; NRS 48.035(1). The error however, was harmless, particularly in light of the strong evidence supporting the conclusion that the blood tested was Parlet's and the expert's testimony that she had no personal knowledge of any errors relating to toxicology. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (defining nonconstitutional harmless error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Kimberly A. Wanker, District Judge
     Christopher R. Arabia
     Nye County District Attorney
     Attorney General/Carson City
     Nye County Clerk